## GARDEN CITY CO. v. SCHNUGG.

### (City Court of New York, General Term. November, 1902.)

**1. ORDER—ACCEPTANCE—ASSIGNMENT OF FUND—MECHANICS' LIENS.**

Under a building contract providing that the owners should make certain payments as the building progressed, but, if there should be a lien when a payment became due, such payment should not be made until the lien was removed, where the owner accepted an order given by the contractor to a materialman, to be paid in installments, there then being no liens, such order and acceptance amounted to an assignment of the funds in the owner's hands, and was not affected by liens subsequently filed.

Appeal from Trial Term.

Action by the Garden City Company against Francis J. Schnugg. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before SEABURY and McCARTHY, JJ.

Albert J. Wise, for appellant.

Russell & Molmes (Clarence T. Block and James S. D'Arcy, of counsel), for respondent.

SEABURY, J. This action is brought to recover a sum of money alleged to be due the plaintiff under an order from one Blumenthal upon the defendant. Blumenthal had entered into a contract with the defendant, under the terms of which the defendant agreed to advance to Blumenthal, or her order, certain sums of money, aggregating $50,000, as the work upon certain buildings on 112th street in the city of New York progressed. The plaintiff having furnished the brick for said buildings, Blumenthal gave to it an order upon the defendant, directing him to pay the plaintiff the sum of $815 out of the money which the defendant had agreed to advance to Blumenthal or her order. The order given was as follows:

"New York, August 2/98.

"Mr. Francis J. Schnugg—Dear Sir: Please pay to the order of Garden City Company, the sum of Eight hundred and fifteen dollars, and deduct said amount out of the following payments:

⅓ out of 6th payment.
⅓ "  " 7th  "
⅓ "  " 8th  "

as per building contract between you and myself for house 112th Street near 5th Avenue.           Babette Blumenthal,
"By George Blumenthal, Attorney."

This order was presented by the plaintiff upon the same day that it was given, and accepted by the defendant. The order was payable in installments of $271.66, and the first installment was paid. This action is brought to recover the remaining sum of $543.33. The contract between Blumenthal and the defendant provided for the payment of the sum of $50,000 in 10 installments, dependent upon the progress of the work upon the building. This contract contained the following clause:

"And it is further agreed by and between the parties hereto that if at any time when payment as above specified shall become due and be demanded,

there shall be a lien or incumbrance upon or affecting the title of the said premises by reason of any mortgage subsequent to that aforesaid mechanic's lien, judgments, taxes or assessments, then the payment so due as aforesaid, and the payments thereafter to be made, shall not be advanced until such lien or incumbrance is satisfied, paid or discharged of record."

Upon the trial the defendant disputed that the buildings had been substantially completed. This question was properly submitted to the jury, and their verdict must be held to have settled the question in favor of the plaintiff.

The defendant also contended upon the trial that, as certain mechanics' liens were filed against the property during the progress of the work, the plaintiff, under the clause of the contract quoted above, could not recover. A lien was filed against the property by one Darmstadt prior to the acceptance of the order from Blumenthal by the defendant. Evidence was received to show that the defendant retained from Blumenthal a sufficient sum to pay this lien. This was contested upon the trial, and the question was fairly submitted by the trial justice to the jury, and their verdict determined this question in favor of the plaintiff.

Several other liens were filed against the property subsequent to the acceptance by the defendant of the order which Blumenthal gave the plaintiff. The trial justice held that, as the order of Blumenthal amounted to an assignment of the funds in the defendant's hands, it could not be affected by subsequently filed liens. In so deciding we think no error was committed. There was nothing in the contract with the defendant which prevented Blumenthal from assigning to the plaintiff in payment of its debt against her moneys due or to become due under the contract. This assignment having been made before any lien was filed, the plaintiff acquired a preference over subsequent lienors. Bates v. Salt Springs Nat. Bank, 157 N. Y. 322, 327, 51 N. E. 1033; Brill v. Tuttle, 81 N. Y. 454, 37 Am. Rep. 515; Lauer v. Dunn, 115 N. Y. 405, 22 N. E. 270; McCorkle v. Herrman, 117 N. Y. 297, 22 N. E. 948; Stevens v. Ogden, 130 N. Y. 182, 29 N. E. 229; Beardsley v. Cook, 143 N. Y. 143, 38 N. E. 109.

The judgment is affirmed, with costs.

McCARTHY, J., concurs.